FRANK B. WOODS *vs.* JAMES J. MURPHY & another.

Middlesex.   December 7, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

B. agreed to pay A. a certain sum for plumbing to be done on a house belonging
to B. which after making this agreement B. conveyed to his wife. The pay-
ments were to be made in three instalments at different stages of the work.
The first instalment being unpaid when due, A. stopped work, whereupon B.
and B.'s wife signed and delivered to A. an instrument under seal containing
the following provision: " This assignment is given to secure A. for labor and
material performed and furnished on account of house on Corey Street, Everett,
now owned by the wife of B., and we jointly and severally agree to pay said A.
all dues on account thereof." A. then finished the plumbing in accordance with
his original contract. *Held,* that the provision above quoted was a joint and
several agreement of B. and his wife to pay for all the labor and materials per-
formed and furnished by A. for the house in question, including the work done
after the date of the agreement as well as that done before.

CONTRACT, brought upon an instrument under seal executed
by the defendants James J. Murphy and Mary A. Murphy, his
wife. Writ dated July 28, 1898. Trial in the Superior Court,
before *Hardy,* J., without a jury. The case had been sent to
an auditor, who heard the parties and submitted his report, in
which he found for the plaintiff. His report was put in evi-
dence. The report and the instrument declared on were all the
evidence offered at the trial. The following facts appeared by
the auditor's report:

On August 12 the defendant James A. Murphy signed and
delivered to the plaintiff the following agreement:

" Everett, Aug. 12, 1897. I, J. J. Murphy, agree to pay to
F. B. Woods Three hundred and ninety-five ($395) for plumb-
ing my three tenement house situated on Corey St., Everett,
One hundred dollars ($100) to be payed when job is rough in &
tested, One hundred & Fifty dollars ($150 0/10) when two of
the tenements are completed, One hundred & Forty five dollars
Twenty days after the whole plumbing job is complete. James
J. Murphy."

The plaintiff testified, that after the execution of this agree-
ment he began and prosecuted the work according to the said

agreement " roughing it in and tested," when by the terms of the agreement the defendant James J. Murphy was to pay him on account of the work the sum of $100, which not being paid he stopped work ; that on September 14, 1897, the defendants executed the assignment and agreement declared on, when the plaintiff resumed and completed the work as provided for in the agreement of August 12, 1897. The instrument declared on was as follows, signed under seal by both of the defendants :

" Know all men by these presents that we, James J. Murphy and Mary A. Murphy his wife, of Everett, County of Middlesex and State of Massachusetts, in consideration of one dollar and other considerations to us paid by Frank B. Woods, of Everett, aforesaid, the receipt whereof is hereby acknowledged, do hereby sell, assign and transfer to said Frank B. Woods, all and whatever sum or sums of money now due and becoming due to us from the Provident Co-operative Bank of Chelsea on account of loan on mortgage or otherwise. To have and to hold the same to the said Frank B. Woods with power to collect the same in our name and as our attorney hereunto duly authorized to his own use. This assignment is given to secure said Woods for labor and material performed and furnished on account of house on Corey St. Everett now owned by said Mary A. Murphy and we jointly and severally agree to pay to said Woods all dues on account thereof.

" In witness whereof we have set our hands and seals this fourteenth day of September 1897."

It was admitted at the hearing that the plaintiff had not been paid the sums of money named in the contract, and that after the signing of the agreement of August 12, 1897, the defendant James J. Murphy conveyed the real estate containing the building, on which the plaintiff had performed the labor and furnished the materials, to his wife, who held the title thereto in her own right at the time she signed the above instrument of September 14, 1897.

The auditor found that the plaintiff was entitled to recover from both of the defendants the sum of $395 with interest from the date of the writ, it having been agreed in behalf of the parties that this should be the sum found due, in case the auditor should find that the defendant Mary A. Murphy was

liable to the plaintiff for all the labor performed and material furnished.

The defendant Mary A. Murphy asked the judge to rule, that the plaintiff could not recover against her for materials furnished or labor performed after the date of the instrument of September 14, 1897. The sum due for materials furnished and labor performed by the plaintiff up to September 14, 1897, was $70.19.

The judge declined so to rule, but found for the plaintiff in the sum of $437.33 against the defendant Mary A. Murphy for goods and materials furnished and labor performed by the plaintiff from August 14, 1897, up to and including October 6, 1897.

The defendant Mary A. Murphy alleged exceptions.

*J. J. Irwin,* for Mary A. Murphy.

*D. P. Bailey,* for the plaintiff.

HAMMOND J. This is an action upon an instrument under seal executed by both of the defendants. The instrument assigns a certain claim to the plaintiff, and then concludes as follows: " This assignment is given to secure said Woods for labor and material performed and furnished on account of house on Corey St. Everett now owned by said Mary A. Murphy and we jointly and severally agree to pay to said Woods all dues on account thereof." The writing is dated September 14, 1897.

The only question is whether it bound the defendants to pay for labor and materials performed and furnished after its date. In order properly to consider the question, it is necessary to get an accurate conception of the circumstances surrounding the transaction.

It appeared at the trial that on or about August 12, 1897, the plaintiff, and the defendant, James J. Murphy, being then the owner of a house in Everett, entered into a written agreement, by the terms of which the plaintiff was to do certain plumbing work upon the house for $395, of which $100 was to be paid when the " job is rough in and tested," $150 when the work had progressed to another stage, and the balance twenty days after the completion of the job. The plaintiff prosecuted the job, according to the agreement, to the point where he was entitled to the first payment. The defendant James, who, after the

signing of the contract conveyed the house to his wife Mary, the other defendant, neglected to make to the plaintiff the first payment, and the plaintiff stopped work. All this was before September 14, 1897. Some payments must have been made to the plaintiff, or some credits given to the defendant James, for it appears that, at the time of the execution of the sealed instrument of September 14, 1897, there remained unpaid, of the first $100 called for, only the sum of $70.19. The plaintiff, however, had not resumed work.

Under these circumstances the instrument was executed. The wife was the owner of the house, the plaintiff, who had made the original plumbing contract with the husband, had not been paid according to the contract, and the house was no longer a part of the assets of the husband. Only about one fourth of the work had been done, and $70.19 of that was unpaid, and all parties knew this. It may fairly be inferred, that it was for the interest of the wife that the plaintiff should complete his contract, and that the plaintiff was willing to complete it if he could get his pay.

The instrument contained an assignment of " sums of money now due and becoming due," to secure the plaintiff " for labor and material performed and furnished on account of " the house, and a promise to pay the plaintiff " all dues on account thereof." The fair grammatical construction of the sentence is, that the word " thereof " refers to the house and not simply to the labor and materials, but whether it refers to the one or the other, the word " dues " is used, and, inasmuch as there was only one sum then due, it is fair under the circumstances to infer that the word embraces sums to become due. Taking the whole language of the instrument, and interpreting it in the light of the circumstances, we think that the most reasonable construction is, that its object was to secure to the plaintiff the payment, not only of the small sum due him on September 14, 1897, but also of any sum which should become due him in the performance of the original contract, rather than to say that its sole purpose was to secure only the sum due at its date.

Nor is the use of the past participle in the phrase " performed and furnished " conclusive against this construction. The tense may well be considered as referring to labor and materials per-

formed and furnished at the time when the future payment may become due, and so as indicating simply the order of the events in the future, rather than as referring to the date of the agreement. We think that the court committed no error in construing the instrument.

*Exceptions overruled.*